# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAVONIA S. PARTON;<br>SHELBY SHEEHY,<br><br>                Plaintiffs,<br><br>vs.<br><br>FCA US LLC aka FIAT CHRYSLER<br>AUTOMOBILES, a Delaware Corporation;<br>DAVID STANLEY OF NORMAN, LLC<br>d/b/a DAVID STANLEY CHRYSLER<br>JEEP DODGE OF NORMAN;<br>COMMUNICATION FEDERAL CREDIT<br>UNION,<br><br>                Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. CIV-16-262-M<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Before the Court is defendant David Stanley of Norman, LLC's ("David Stanley") Motion to Compel Arbitration and Stay Proceedings, filed March 25, 2016. On April 15, 2016, plaintiffs filed their response, and on April 22, 2016, David Stanley filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.     Background

On or about September 10, 2014, plaintiffs purchased a 2014 Dodge Dart at the David Stanley dealership in Norman, Oklahoma. To effectuate the purchase of the vehicle, plaintiffs signed a number of documents, including a Purchase Agreement and a Retail Installment Sales Contract. The Purchase Agreement contains a Dispute Resolution Clause ("DRC"). The DRC provides:

> DISPUTE RESOLUTION CLAUSE
> This Dispute Resolution Clause applies to any controversy, claim or dispute between the Purchaser and the Dealer arising out of, or related to this sale or transaction, including, but not limited to any

and all issues or disputes arising as a result of this sale or transaction, whether said issues arise prior to, during or subsequent to the sale or attempted sale of a vehicle and whether said sale or attempted sale is a cash sale or is based upon financing or extended credit, or arises as a result of any financing contract, agreement or sales document related to the sale or attempted sale of a vehicle. The Purchaser and Dealer agree that all matters addressed within this Clause shall be submitted to binding arbitration, with an Arbitration Service or Arbitrator of the parties choosing, pursuant to the Federal Arbitration Act, Title 9 U.S.C. § 1, et seq. The parties agree and understand that all disputes arising under case law, statutory law, and all other laws, including but not limited to, all contract, tort and property disputes, including any claim regarding the use, misuse, and/or disclosure of any information or documentation, including, but not limited to, personal or financial information obtained by the dealership from the purchaser, or about the purchaser, which may arise from the sale relationship or otherwise during the sale or at any time in the future will be subject to binding arbitration in accord with this Contract. The parties specifically exclude from this Dispute Resolution Clause all claims or disputes subject to the Small Claims Procedures Act of the State of Oklahoma. The parties agree that the arbitrator shall have authority provided for by the law and contract, including but not limited to authority to grant an award or order for money damages, consequential damages, exemplary damages, declaratory relief, or injunctive relief. Arbitration shall be conducted in compliance with the Rules of an Arbitration Service or Arbitrator of the parties choosing and in conformity with the Federal Rules of Civil Procedure. Any evidence submitted shall be in conformity with the Federal Rules of Evidence. The Arbitrator's award(s) will be entered as a judgment in a court having jurisdiction over the parties. Both the Purchaser and Dealer acknowledge and understand that they are waiving their right to a jury trial by entering into this agreement. It is agreed that the party filing the arbitration claim shall be responsible for the filing fee. The arbitrator's fee shall be equally divided between the parties. The prevailing party shall be entitled to attorney's fees and costs as allowed by Oklahoma and/or Federal Statutes. Dealer and Purchaser agree that if Dealer must hire legal counsel to enforce or defend Dealer's legal rights under this Dispute Resolution Clause, Purchaser will pay to Dealer its attorneys fees and costs incurred by Dealer in Dealer's successful defense of Dealer's rights hereunder.

Purchase Agreement, attached as Exhibit 1 to David Stanley's Motion to Compel Arbitration and Stay Proceedings.

Following plaintiffs' purchase of the 2014 Dodge Dart, plaintiffs allege they discovered that the vehicle did not conform to the contract as there were numerous defects, including a faulty transmission, which failed to conform to the vehicle's express and implied warranties. Plaintiffs also allege that David Stanley attempted to repair the faulty transmission on numerous occasions with no success. Plaintiffs allege that the vehicle was inspected by the manufacturer's representative who confirmed the nonconformities and defects. Further, plaintiffs allege that the vehicle's nonconformities and defects, which continue to exist, substantially impair the vehicle's use, safety and value to plaintiffs.

On March 4, 2016, plaintiffs filed the instant action in the District Court of Oklahoma County, Oklahoma, alleging the following claims: breach of contract, breach of express and implied warranties under the Magnuson Moss Warranty Act, and violation of the Oklahoma Lemon Law. On March 18, 2016, David Stanley removed this action to this Court. David Stanley now moves the Court, pursuant to the Federal Arbitration Act ("FAA"), to compel plaintiffs to submit their claims to arbitration pursuant to the DRC and to stay proceedings until the completion of arbitration.

II.  Discussion

Section 2 of the FAA provides:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

3

9 U.S.C. § 2. Under Section 3 of the FAA, if a federal district court determines that a suit is subject to an arbitration agreement, it shall, on application of a party, stay the litigation pending arbitration in accordance with the terms of the agreement. *See* 9 U.S.C. § 3.

David Stanley contends that a valid agreement to arbitrate exists between the parties and that plaintiffs' claims fall within the scope of the DRC. David Stanley, therefore, contends that all of plaintiffs' claims should be compelled to arbitration and stayed pending the conclusion of the arbitration. Plaintiffs object to David Stanley's motion and contend that the Purchase Agreement is superseded by the Retail Installment Sales Contract, that the DRC on the Purchase Agreement was induced through fraud, and that the DRC is unconscionable.

Plaintiffs' contention that the DRC is unconscionable is based, in part, on the DRC's requirement that plaintiffs pay half of the arbitrator's fee. Plaintiffs assert that they are on extremely limited incomes and that they could never afford such costs.[1] Plaintiffs contend that if they are compelled to submit their claims to arbitration, they will be effectively denied of any opportunity for redress.

The Tenth Circuit has held that an arbitration agreement which requires a party to pay one-half of the arbitrator's fees is unenforceable under the FAA. *See Shankle v. B-G Maint. Mgmt. of Colo., Inc.*, 163 F.3d 1230 (10th Cir. 1999). In *Shankle*, the Tenth Circuit found that "an arbitration agreement that prohibits use of the judicial forum as a means of resolving statutory claims must also provide for an effective and accessible alternative forum." *Id.* at 1234. The Tenth Circuit further found:

---

[1] In support of their contention, plaintiffs attach several fee invoices from an arbitrator.

> [plaintiff] had to pay for one-half of the arbitrator's fees. . . . [Plaintiff] could not afford such a fee, and it is unlikely other similarly situated [plaintiffs] could either. The Agreement thus placed [plaintiff] between the proverbial rock and a hard place – it prohibited use of the judicial forum, where a litigant is not required to pay for a judge's services, and the prohibitive costs substantially limited use of the arbitral forum.

*Id.* at 1234-35.

In this case, the DRC provides that "[t]he arbitrator's fee <u>shall</u> be equally divided between the parties." DRC (emphasis added). Further, plaintiffs are asserting statutory claims under the Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, et seq. Thus, in order to arbitrate their statutory claims, plaintiffs will be required to pay half of the arbitrator's fee. However, plaintiffs have shown that they cannot afford to pay such a fee. The Court, therefore, finds that the DRC, by including the mandatory requirement of equally dividing the arbitrator's fees between the parties, does not provide for an effective and accessible alternative forum. Accordingly, given this deficiency, the Court finds the DRC is unenforceable under the FAA.

III. Conclusion

For the reasons set forth above, the Court DENIES David Stanley's Motion to Compel Arbitration and Stay Proceedings [docket no. 4].

**IT IS SO ORDERED this 13th day of May, 2016.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

5