# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LAVONIA S. PARTON;<br>SHELBY SHEEHY,<br><br>        Plaintiffs,<br><br>vs.<br><br>FCA US LLC aka FIAT CHRYSLER<br>AUTOMOBILES, a Delaware Corporation;<br>DAVID STANLEY OF NORMAN, LLC<br>d/b/a DAVID STANLEY CHRYSLER<br>JEEP DODGE OF NORMAN;<br>COMMUNICATION FEDERAL CREDIT<br>UNION,<br><br>        Defendants. | ))))))))))))))))) | Case No. CIV-16-262-M |

## ORDER

Before the Court is defendant David Stanley of Norman, LLC's ("David Stanley") Motion to Reconsider, filed June 10, 2016. On July 1, 2016, plaintiffs filed their response, and on July 8, 2016, David Stanley filed its reply. Based upon the parties' submissions, the Court makes its determination.

On May 13, 2016, this Court entered an order denying David Stanley's Motion to Compel Arbitration and Stay Proceedings. David Stanley now moves this Court, pursuant to Federal Rule of Civil Procedure 59(e), to reconsider its ruling denying David Stanley's motion to compel arbitration. "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct error or prevent manifest injustice." *Servants of the Paraclete v. John Does I-XVI*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate "where the court has misapprehended the facts, a

party's position, or the controlling law" but is not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

Having carefully reviewed the parties' submissions, the Court finds that David Stanley has set forth a sufficient basis warranting this Court's reconsideration of its May 13, 2016 Order. Specifically, the Court finds that reconsideration is warranted to allow the Court to address the issue of whether the fee-splitting provision can be severed from the Dispute Resolution Clause. Additionally, the Court finds that under *Green Tree Fin. Corp. - Ala. v. Randolph*, 531 U.S. 79 (2000), plaintiffs have the burden of showing the likelihood that arbitration would be cost-prohibitive in this case. The Court finds the evidentiary record that was before the Court when it issued its order was insufficiently developed to make a determination whether the fee-splitting provision made arbitration cost-prohibitive for plaintiff and, thus, made the Dispute Resolution Clause unconscionable.

Accordingly, the Court GRANTS David Stanley's Motion to Reconsider [docket no. 28] and VACATES the Court's May 13, 2016 Order [docket no. 24].[1]

**IT IS SO ORDERED this 13th day of February, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[1] The Court would note that by vacating its order, all arguments raised in relation to David Stanley's motion to compel arbitration are at issue, not just the issues addressed in the Court's order and the instant motion to reconsider.