# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAVONIA S. PARTON; <br> SHELBY SHEEHY, <br><br> Plaintiffs, <br><br> vs. <br><br> FCA US LLC aka FIAT CHRYSLER <br> AUTOMOBILES, a Delaware Corporation; <br> DAVID STANLEY OF NORMAN, LLC <br> d/b/a DAVID STANLEY CHRYSLER <br> JEEP DODGE OF NORMAN; <br> COMMUNICATION FEDERAL CREDIT <br> UNION, <br><br> Defendants. | Case No. CIV-16-262-M |

## ORDER

Before the Court is defendant David Stanley of Norman, LLC's ("David Stanley") Motion to Compel Arbitration and Stay Proceedings, filed March 25, 2016. On April 15, 2016, plaintiffs filed their response, and on April 22, 2016, David Stanley filed its reply. On February 23, 2017, the Court held an evidentiary hearing in this matter.[1] Based upon the parties' submissions, and the evidence presented at the hearing, the Court makes its determination.

I.  Background

On September 10, 2014, plaintiffs purchased a 2014 Dodge Dart at the David Stanley dealership in Norman, Oklahoma. To effectuate the purchase of the vehicle, plaintiffs signed a number of documents, including a Purchase Agreement and a Retail Installment Sales Contract. The Purchase Agreement contains a Dispute Resolution Clause ("DRC"). The DRC provides:

---

[1] The issues addressed at the evidentiary hearing were (1) whether plaintiffs were fraudulently induced into signing the dispute resolution clause, and (2) whether the fee-shifting provisions would be unconscionable under the facts of this case.

# DISPUTE RESOLUTION CLAUSE

This Dispute Resolution Clause applies to any controversy, claim or dispute between the Purchaser and the Dealer arising out of, or related to this sale or transaction, including, but not limited to any and all issues or disputes arising as a result of this sale or transaction, whether said issues arise prior to, during or subsequent to the sale or attempted sale of a vehicle and whether said sale or attempted sale is a cash sale or is based upon financing or extended credit, or arises as a result of any financing contract, agreement or sales document related to the sale or attempted sale of a vehicle. The Purchaser and Dealer agree that all matters addressed within this Clause shall be submitted to binding arbitration, with an Arbitration Service or Arbitrator of the parties choosing, pursuant to the Federal Arbitration Act, Title 9 U.S.C. § 1, et seq. The parties agree and understand that all disputes arising under case law, statutory law, and all other laws, including but not limited to, all contract, tort and property disputes, including any claim regarding the use, misuse, and/or disclosure of any information or documentation, including, but not limited to, personal or financial information obtained by the dealership from the purchaser, or about the purchaser, which may arise from the sale relationship or otherwise during the sale or at any time in the future will be subject to binding arbitration in accord with this Contract. The parties specifically exclude from this Dispute Resolution Clause all claims or disputes subject to the Small Claims Procedures Act of the State of Oklahoma. The parties agree that the arbitrator shall have authority provided for by the law and contract, including but not limited to authority to grant an award or order for money damages, consequential damages, exemplary damages, declaratory relief, or injunctive relief. Arbitration shall be conducted in compliance with the Rules of an Arbitration Service or Arbitrator of the parties choosing and in conformity with the Federal Rules of Civil Procedure. Any evidence submitted shall be in conformity with the Federal Rules of Evidence. The Arbitrator's award(s) will be entered as a judgment in a court having jurisdiction over the parties. Both the Purchaser and Dealer acknowledge and understand that they are waiving their right to a jury trial by entering into this agreement. It is agreed that the party filing the arbitration claim shall be responsible for the filing fee. The arbitrator's fee shall be equally divided between the parties. The prevailing party shall be entitled to attorney's fees and costs as allowed by Oklahoma and/or Federal Statutes. Dealer and Purchaser agree that if Dealer must hire legal counsel to enforce or defend Dealer's legal rights under this Dispute Resolution Clause, Purchaser will pay to Dealer its attorneys fees and

> costs incurred by Dealer in Dealer's successful defense of Dealer's rights hereunder.

Purchase Agreement, attached as Exhibit 1 to David Stanley's Motion to Compel Arbitration and Stay Proceedings.

Following plaintiffs' purchase of the 2014 Dodge Dart, plaintiffs allege they discovered that the vehicle did not conform to the contract as there were numerous defects, including a faulty transmission, which failed to conform to the vehicle's express and implied warranties. Plaintiffs also allege that David Stanley attempted to repair the faulty transmission on numerous occasions with no success. Plaintiffs allege that the vehicle was inspected by the manufacturer's representative who confirmed the nonconformities and defects. Further, plaintiffs allege that the vehicle's nonconformities and defects, which continue to exist, substantially impair the vehicle's use, safety and value to plaintiffs.

On March 4, 2016, plaintiffs filed the instant action in the District Court of Oklahoma County, Oklahoma, alleging the following claims: breach of contract, breach of express and implied warranties under the Magnuson Moss Warranty Act, and violation of the Oklahoma Lemon Law. On March 18, 2016, David Stanley removed this action to this Court. David Stanley now moves the Court, pursuant to the Federal Arbitration Act, to compel plaintiffs to submit their claims to arbitration pursuant to the DRC and to stay proceedings until the completion of arbitration.

II. Discussion

In their response to David Stanley's motion to compel arbitration, plaintiffs assert, in part, that they were fraudulently induced into signing the DRC. "Like other contracts, . . . [arbitration agreements] may be invalidated by generally applicable contract defenses, such as fraud, duress, or

3

unconscionability." *Key Fin., Inc. v. Koon*, 371 P.3d 1133, 1137 (Okla. Civ. App. 2015) (internal quotations and citations omitted).

> Constructive fraud is a breach of either a legal or equitable duty that does not necessarily involve any moral guilt, intent to deceive, or actual dishonesty of purpose. It may be defined as any breach of a duty which, regardless of the actor's intent, gains an advantage for the actor by misleading another to his prejudice. Where a party has a duty to speak, but remains silent, there may be constructive fraud.

*Id.* at 1138 (internal citations omitted). Additionally, the Oklahoma Supreme Court has held:

> A duty to speak may arise from partial disclosure, the speaker being under a duty to say nothing or to tell the whole truth. One conveying a false impression by the disclosure of some facts and the concealment of others is guilty of fraud, even though his statement is true as far as it goes, since such concealment is in effect a false representation that what is disclosed is the whole truth.

*Deardorf v. Rosenbusch*, 206 P.2d 996, 998 (Okla. 1949) (internal quotations and citations omitted). "In determining whether there is a duty to speak, consideration must be given to the situation of the parties and the matters with which they are dealing." *Silk v. Phillips Petroleum Co.*, 760 P.2d 174, 179 (Okla. 1988) (internal citation omitted).

At the evidentiary hearing, Keith Jason Russ, the finance manager at David Stanley involved in the transaction at issue, testified regarding the "base statement" that he would say before an individual would sign a purchase agreement.[2] Specifically, Mr. Russ testified that he would briefly explain each section of the purchase agreement and would state, in relation to the DRC, that the clause addressed the "legality of the agreement." Both plaintiffs also testified at the evidentiary hearing and stated that Mr. Russ did not say anything specifically about arbitration when he went

---

[2]At the hearing, Mr. Russ testified that he did not specifically remember the transaction at issue.

4

over the Purchase Agreement. Additionally, both plaintiffs further testified that when plaintiff Parton stated that she needed to go to her car to get her reading glasses, Mr. Russ stated that there was no need to get the glasses and not to worry about it, and plaintiff Parton testified that Mr. Russ further stated that the Purchase Agreement explains what they are doing.

Having reviewed the parties' submissions, and having heard the evidence presented at the hearing, the Court finds that plaintiffs have met their burden of showing by clear and convincing evidence that they were fraudulently induced into signing the DRC. Specifically, the Court finds that Mr. Russ, David Stanley's agent, owed plaintiffs a duty of full disclosure because he chose to speak regarding the DRC. Mr. Russ' partial disclosure or representation to plaintiffs that the DRC addressed the "legality of the agreement" conveyed a false impression of the purpose and content of the DRC. As a result, a duty to speak arose, "the speaker being under a duty to say nothing or to tell the whole truth." *Deardorf*, 206 P.2d at 998. Additionally, Mr. Russ' statement that plaintiff Parton did not need to get her reading glasses and that the Purchase Agreement explains what they are doing provides further support for a finding of fraudulent inducement. Accordingly, because "one conveying a false impression by the disclosures of some facts and the concealment of others is guilty of fraud . . . since concealment is in effect a false representation that what is disclosed is the whole truth", *Uptegraft v. Dome Petroleum Corp.*, 764 P.2d 1350, 1353 (Okla. 1988), the Court finds that plaintiffs were fraudulently induced into signing the DRC and that arbitration should not be compelled in this case.

III.     Conclusion

For the reasons set forth above, the Court DENIES David Stanley's Motion to Compel Arbitration and Stay Proceedings [docket no. 4].

**IT IS SO ORDERED this 7th day of March, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE